UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAMAR FLOYD,

                                            Plaintiff,

                                                                                    Case # 24-CV-6313-FPG

v.

                                                                                    ORDER TO SHOW CAUSE

NATHAN D. MCMURRAY and
WEGMANS FOOD MARKETS, INC.,

                                            Defendants.

## INTRODUCTION

This action was commenced in May 2024, when *pro se* Plaintiff Lamar Floyd filed a complaint alleging violations of his civil rights and negligence. ECF No. 1. Federal district courts are courts of limited jurisdiction. Therefore, this Court can only hear cases as authorized by federal law. For an action to be brought in this Court, Plaintiff must provide a basis for the Court's subject matter jurisdiction. For the reasons below, Plaintiff is Ordered to Show Cause why the Court should not dismiss this case *sua sponte* for lack of subject matter jurisdiction.[1]

## DISCUSSION

A federal district court is one "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citation omitted). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). There are two primary sources of

---

[1] The Court has received Plaintiff's letter regarding service of process. As the Court cannot hear this action unless it has subject matter jurisdiction, it has chosen to address the issue of subject matter jurisdiction first. If subject matter jurisdiction can be established, then the Court will address the issue of service of process.

1

subject matter jurisdiction. The first is diversity jurisdiction (28 U.S.C. § 1332), and the second is federal question jurisdiction (28 U.S.C. § 1331).

For a court to have subject matter jurisdiction in a diversity case, the action must be between citizens of different states, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks and citations omitted). Complete diversity exists where each plaintiff's citizenship is different from the citizenship of each defendant. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

In this action, diversity cannot be the basis for subject matter jurisdiction. Plaintiff is a citizen of New York. *See* ECF No. 1. Defendants Nathan McMurray and Wegmans Food Market, Inc. are also citizens of New York. *See* ECF No. 1. Therefore, complete diversity is lacking.

For a court to have federal question jurisdiction, the case must involve a federal question, meaning the cause of action must arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In his complaint, Plaintiff has failed to present a federal question. To the extent that Plaintiff is attempting to make a claim under 42 U.S.C. § 1983 alleging a violation of his constitutional rights, private individuals and private companies such as Defendants are ordinarily not subject to the constraints of the Constitution and therefore, the Court does not read Plaintiff's

complaint to bring such a claim. *See Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991).

Plaintiff alleges violations of his civil rights, which appear to be related to employment discrimination, but he fails to cite any federal statute upon which the Court could grant relief. *See* ECF No. 1. Arguably, Plaintiff may be attempting to make a claim under 42 U.S.C. § 1981, which can provide a federal cause of action for employment discrimination based on race. If Plaintiff is attempting to make a claim under § 1981, he shall clarify this claim in his response. In his complaint, Plaintiff references the New York State Human Rights Law. *See* ECF No. 1. However, that is state law and not federal law, so it cannot be the basis for federal question jurisdiction. While as a general matter an employment discrimination claim can be made under Title VII of the Civil Rights Act of 1964, the Court does not construe the complaint as alleging such a claim because the complaint does not mention Title VII or make specific allegations in line with a Title VII claim.[2] If this is incorrect, Plaintiff must sufficiently describe his claim under Title VII in his response.

In his complaint, Plaintiff also seeks to bring a negligence action against his former attorney, Nathan McMurray. Legal malpractice claims do not arise under federal law and therefore this claim cannot be a basis for federal question jurisdiction.[3]

---

[2] Additionally, Title VII requires employees to file a charge with the Equal Employment Opportunity Commission (EEOC) before suing an employer for discrimination in federal court. *See* 42 U.S.C. § 2000e-5(b), (f)(1). Plaintiff is advised that failure to comply with this requirement may lead to a dismissal on the merits later in litigation.

[3] Assuming Plaintiff can otherwise raise a federal claim, this Court may be able to exercise jurisdiction over the legal malpractice claim by virtue of supplemental jurisdiction, which can be established when the court has subject matter jurisdiction over one claim in an action and another claim in the action arises from the same "common nucleus of operative fact" as the first claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a).

## CONCLUSION

Plaintiff is hereby Ordered to Show Cause in writing by **October 21, 2024,** why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED:   Rochester, New York

   August 21, 2024

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York